UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| KRISTY B. BAER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WABASH CENTER, INC., )<br>    Defendant. ) | | CAUSE NO. 4:15-CV-00094-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint [DE 17], filed by Defendant Wabash Center, Inc. on December 11, 2015. Plaintiff filed a response brief on December 17, 2015, and Defendant filed a reply brief on December 18, 2015. For the reasons set forth below, the Court denies Defendant's Motion.

**I.  Procedural Background**

On October 21, 2015, Plaintiff Kristy Baer filed a complaint against Defendant Wabash Center, Inc., her previous employer, alleging violations of her rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615 *et seq.* Defendant filed a Motion to Dismiss Count Three of Plaintiff's Complaint, Plaintiff's claim for interference with her ability to take leave pursuant to the FMLA. This Motion is fully briefed and before the Court.

**II.  Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is evaluated by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004)). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first

comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013). In other words, "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). However, "the plausibility requirement demands only that a plaintiff provide sufficient detail 'to present a story that holds together.'" *Alexander*, 2013 WL 3215667, at *2 (quoting *Swanson*, 614 F.3d at 404). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

**III.    Analysis**

Defendant moves to dismiss Plaintiff's claim for interference under the FMLA, arguing that the pleadings demonstrate that there are no material issues of facts and it is entitled to judgment as a matter of law. Plaintiff argues that she has stated a claim and alleged sufficient facts demonstrating Defendant's attempt to discourage her from enjoying her rights under the FMLA.

The Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.,* permits eligible employees to take up to twelve workweeks of leave within a twelve-month period if they are unable

2

to perform their job function as a result of a serious health condition. 29 U.S.C. § 2612(a)(1)(D). In furtherance of these rights, the FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the FMLA]." *Id*. at 2615(a)(1). An employer who violates § 2615 is "liable to any eligible employee affected" for compensatory damages and "for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1).

To prevail on her FMLA interference claim, Plaintiff "must demonstrate that: (1) she was eligible for FMLA protection; (2) her employer was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her benefits to which she was entitled." *Brown v. Auto. Components Holdings, LLC*, 622 F.3d 685, 689 (7th Cir. 2010) (citing *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009)).

Defendant argues that Plaintiff failed to allege facts that satisfy the fifth element of an interference claim, and that Count III of Plaintiff's Complaint should be dismissed because Defendant did not prevent Plaintiff from taking leave. Plaintiff argues that actual denial of FMLA benefits is not required and that discouraging someone from taking FMLA leave satisfies the fifth element.

The FMLA's "implementing regulations make clear that the ways in which an employer may interfere with FMLA benefits are not limited simply to the denial of leave. Interference also encompasses 'us[ing] the taking of FMLA leave as a negative factor in employment actions' and 'discouraging an employee from using such leave.'" *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 818 (7th Cir. 2015) (quoting 29 C.F.R. § 825.220(c)). In this case, Plaintiff alleges that when she entered a rehabilitation facility for inpatient treatment, she notified her Human

3

Resource Director about her status at the rehabilitation facility and corresponding need for FMLA leave. She asserts that the HR director refused to fax required FMLA forms to the treatment center and demanded that Plaintiff retrieve the forms in person. Requiring someone under inpatient care to figure out how to obtain FMLA paperwork, presumably by finding a third party willing to act as a courier, could plausibly discourage someone from taking their leave. *See Jackson v. Jernberg Indus., Inc.*, 677 F. Supp. 2d 1042, 1051 (N.D. Ill. 2010) (denying summary judgment where "[the plaintiff] rightly argues that [the defendant]'s doctor's-note policy interfered with his exercise of FMLA leave," in part because of the necessary involvement of a third party).

Defendant argues that it was just trying to determine that Plaintiff was qualified for leave, and that requiring her to pick up or have someone else pick up the forms in person was not inappropriate because the FMLA implementing regulations are silent about the specific manner that FMLA paperwork must be delivered. However, the regulations do not encourage a passive approach by employers. *See* 29 C.F.R. § 825.300(c)(1) ("Employers shall provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. If [FMLA] *leave has already begun*, the notice should be mailed to the employee's address of record."). *Id.* (emphasis added). Defendant also argues that Plaintiff's ability to obtain FMLA leave proves that she was not prevented from taking her leave. However, "[t]he question is not whether an employee can comply with the policy, but whether the employer's enforcement of its policy discourages the employee from exercising his FMLA leave." *Jackson v. Jernberg Indus., Inc.*, 677 F. Supp. 2d 1042, 1052 (N.D. Ill. 2010); *see also Jennings v. Ford Motor Co.*, No. 1:06-cv-0877-SEB-TAB, 2008 WL 3853369, at *5 (S.D. Ind. Aug. 15, 2008) ("While Defendants did not refuse to authorize FMLA leave for Plaintiff, nor *successfully* discourage him

4

from taking that to which he was entitled, 29 C.F.R. § 825.220(b) does not suggest that the employer needs to be successful in its discouragement in order for the employer to be interfering."). Accordingly, Plaintiff has alleged sufficient facts to support a claim for interference with FMLA benefits and her claim will not be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint [DE 17].

So ORDERED this 21st day of April, 2016.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record